**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CUTLER CAY HOMEOWNERS
ASSOCIATION, INC.,

                Federal Court Case No.: _____

   Plaintiff,
v.               State Court Case No.:  14-CA-024426 10

ALTERRA EXCESS & SURPLUS
INSURANCE COMPANY,

   Defendant.
_____/

## DEFENDANT, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY'S, NOTICE OF REMOVAL

   Defendant, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY (hereinafter "Alterra"), hereby removes the above-captioned action pursuant to 28 U.S.C. § 1332, 28 U.S.C. §1441, and 28 U.S.C. § 1446, based on the following grounds:

**I.  INTRODUCTION**

   1.  On or about September 22, 2014, the Plaintiff, CUTLER CAY HOMEOWNERS ASSOCIATION, INC. (hereinafter "Cutler Cay") filed a Complaint for Breach of Contract against Alterra in Miami-Dade County Circuit Court.

   2.  The action is styled as *Cutler Cay Homeowners Association, Inc. v. Alterra Excess & Surplus Insurance Company*, Case No.: 14-CA-024426 10.  A copy of the original state court complaint with the Summons and Service of Process is attached hereto as Exhibit "1."

   3.  In its Complaint, the Plaintiff, Cutler Cay, alleges that the Defendant, Alterra, issued an excess commercial property insurance policy, Policy No.: MAX3XP0061758, to Cutler

Cay that insured Cutler Cay's premises located at 7755 SW 192nd St., Cutler Bay, Florida 33157. See Exhibit 1, ¶ 4.

4. In its Complaint, the Plaintiff, Cutler Cay, alleges that on or about July 18, 2013, its property located at 7755 SW 192nd St., Cutler Bay, Florida 33157 sustained damage. See Exhibit 1, ¶ 6. The Complaint alleges that the Plaintiff, Cutler Cay, requested payment from Alterra for the damage to its premises but that Alterra breached the policy of insurance by "failing to properly adjust Cutler Cay's claim in accordance with the terms and conditions of the policy and by failing to compensate Cutler Cay for the damages to its Property" resulting in a breach of the applicable insurance contract  Id. at ¶ 16.

## II. DIVERSITY OF CITIZENSHIP

### A. Citizenship of the Plaintiff Cutler Cay.

5. In its Complaint, the Plaintiff, Cutler Cay, admits that it is a "corporation licensed to do business in Florida and conducts business in Miami-Dade County, Florida." Id. at ¶ 2.

6. According to the Florida Department of State – Division of Corporations, the Plaintiff, Cutler Cay, is a nonprofit corporation with its principal place of business located at 7755 SW 192nd St., Cutler Bay, Florida 33157. See Exhibit 2, Florida Department of State – Division of Corporations, Details on Cutler Cay Homeowners Association, Inc.

7. Accordingly, it is indisputable that the Plaintiff, Cutler Cay, is only a citizen of the State of Florida.

### B. Citizenship of the Defendant, Alterra.

8. In its Complaint, the Plaintiff, Cutler Cay, alleges that Alterra is an "a foreign corporation licensed to do business in Florida and is conducting business in Miami-Dade County, Florida." See Exhibit 1, ¶ 3.

9. At the time the Plaintiff, Cutler Cay, commenced its action against Alterra, at the present time, and at all times material to this cause of action, Alterra was and is a corporation incorporated in the State of Delaware.  See Exhibit 3, Affidavit of Rodney Smith, ¶ 4.

10. At the time the Plaintiff, Cutler Cay, commenced its action against Alterra, at the present time, and at all times material to this cause of action Alterra maintained its principal place of business in the State of Virginia.  Id. at ¶ 4.

11. Moreover, Alterra's activities are directed, controlled and coordinated from its offices in Virginia.  Id. at ¶ 5.  The State of Virginia, therefore, is Alterra's "nerve center."  See Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193, 175 L. Ed. 2d 1029 (2010) (holding that a corporation's principal place of business is now determined by the "nerve center" test – "the place where a corporation's officers direct, control, and coordinate the corporation's activities").

12. Based on the above, Alterra is a citizen of either the State of Delaware (where it was incorporated) or the State of Virginia (where its nerve center is located), but not of the State of Florida.

13. The Plaintiff, Cutler Cay, is not a citizen of the same state as the Defendant, Alterra.  Therefore, complete diversity of citizenship exists in accordance with 28 U.S.C. § 1332.

### III.   AMOUNT IN CONTROVERSY

14. The general federal rule has long been to decide what the amount in controversy is from the complaint unless it appears or is in some way shown that the amount stated in the complaint is not claimed "in good faith" or the complaint does not state an amount in controversy.  *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct.

586, 82 L. Ed. 845 (1938)); *McGee v. Sentinel Offender Serv's, LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013).

15. Where, as here, a plaintiff has not pleaded a specific amount of damages in its complaint, the removing defendant must prove by a preponderance of the evidence that the amount in controversy "can more likely than not be satisfied." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). When the "jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed" in determining if the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).

16. It should be noted that the substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Where, as in the present case, removal is premised upon the first paragraph of 28 U.S.C. § 1446(b), the evidence a defendant may use to establish the jurisdictional facts is not limited to that which it received from the plaintiff or the court. *Id.* at 767-768. Rather, a defendant may introduce its own affidavits, declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal. *Williams*, 269 F.3d at 1319; *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990). However, a defendant may still rely on documentation received from the plaintiff. *Pretka*, 608 F.3d at 754.

17. In the present case, the Plaintiff, Cutler Cay, has provided documentation to Alterra prior to initiating suit in which Cutler Cay identifies that the amount in controversy at

issue in this case exceeds $75,000 exclusive of interest, costs and attorneys' fees. See Exhibit 3, Affidavit of Rodney Smith, ¶¶ 9-10.

18. Accordingly, the Defendant, Alterra, has established, by a preponderance of the evidence, that the amount in controversy at issue in this case exceeds $75,000 exclusive of interest, costs and attorneys' fees so as to support diversity of citizenship jurisdiction.

IV. **REMOVAL IS OTHERWISE PROPER**

19. This action is properly removable under 28 U.S.C. §§ 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a) which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive or interest and costs, and is between…citizens of different states…" Subject matter jurisdiction is predicated upon 28 U.S.C. § 1332.

20. The Plaintiff, Cutler Cay, commenced this action against Alterra and served a summons and a copy of its complaint upon Alterra's agent for service of process, the Chief Financial Officer of the State of Florida, on September 22, 2014. See Exhibit 1. A copy of the summons and complaint was forwarded to Alterra on October 8, 2014. *Id.*

21. Pursuant to 28 U.S.C. § 1446(b)(2)(B), if the initial pleading filed by the Plaintiff establishes that federal jurisdiction is appropriate, a Defendant such as Alterra has thirty (30) days after receipt of the Plaintiff's initial pleading within which to file its notice of removal to federal court

22. Pursuant to 28 U.S.C. § 1446(b)(3), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or

other paper from which it may first be ascertained that the case is one which is or has become removable.

23. In the present case, the initial pleading filed by the Plaintiff did not establish that federal jurisdiction was appropriate.

24. However, prior to being served with the Complaint, Alterra received information demonstrating that the amount in controversy requirement for federal jurisdiction was met. See Exhibit 3, Affidavit of Rodney Smith, ¶¶ 9-10.

25. Alterra has filed its Notice of Removal of Plaintiff's state court action to this Court within thirty (30) days of receipt of service of the Complaint, and its Notice of Removal is timely in light of the above facts and circumstances.

26. Venue exists in the United States District Court for the Southern District of Florida, Miami Division, because the Eleventh Judicial Circuit Court, where the Plaintiff, Cutler Cay, filed its state court complaint against Alterra, is located in the City of Miami, Miami-Dade County, Florida, which is located within the United States District Court for the Southern District of Florida, Miami Division.

27. Written notice of this Notice of Removal has been provided to all adverse parties and has been filed with the Clerk of the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, as required by 28 U.S. C. § 1446(d). See Exhibit 4.

28. Pursuant to 28 U.S.C. § 1446(a), a copy of the original, signed Civil Cover Sheet and all process, pleadings, orders and other actions filed in the state court action are attached hereto as Exhibit 5. See Exhibit 5.

WHEREFORE, the Defendant, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, prays that this Court will take jurisdiction of this action and issue all necessary

orders and process to remove this action from the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 28th 2014, a true and correct copy of the foregoing was filed with the Clerk of Court by using the CM/ECF system and that a copy was emailed to: Susan C. Odess, Esq., sodess@srhl-law.com.

Respectfully submitted,

s/Michael K. Kiernan
MICHAEL K. KIERNAN, ESQUIRE
Fla. Bar No. 391964
mkiernan@traublieberman.com
Traub Lieberman Straus & Shrewsberry, LLP
Post Office Box 3942
St. Petersburg, Florida 33731
727.898.8100 – Telephone
727.895.4838 – Facsimile
Attorney for DEFENDANT
servicemkiernan@traublieberman.com
FLPleadings@traublieberman.com